## LEITCH v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 6, 1919.
Decided November 3, 1919.)

### No. 3247.

ARMY AND NAVY ⬅40—TRANSPORTING LIQUOR NEAR MILITARY CAMP FOR USE IN HOME.

Where defendant brought liquors into District of Columbia for use in his home, *held* that, though he transported it within five miles of a military reservation, he was not guilty of a violation of the presidential regulation of July 3, 1918, issued under Act May 18, 1917, declaring that for purposes of regulation there shall be a five-mile zone around military camps in which liquor shall not be sold, transported, etc., for the transportation came within the proviso excepting use in private homes and transportation thereto.

In Error to the Police Court of the District of Columbia.

Frank Leitch was convicted of violating the presidential regulation of July 3, 1918, issued under authority of Act May 18, 1917, authorizing the Commander-in-Chief to make regulations concerning the prohibition of alcoholic liquors in or near military camps, and he brings error. Reversed and remanded.

J. A. O'Shea, of Washington, D. C., for plaintiff in error.

John E. Laskey, U. S. Atty., and T. Hardy Todd, and Morgan H. Beach, Asst. U. S. Attys., all of Washington, D. C., for defendant in error.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the police court of the District of Columbia. Plaintiff in error, defendant below, was convicted of violating a presidential regulation issued July 3, 1918, prohibiting the use of alcoholic liquors in or near military camps.

The statute authorizing the issuance of the regulation (Act May 18, 1917, c. 15, § 12, 40 Stat. 76, 82 [Comp. St. 1918, § 2019a]) among other things provides:

"That no person, corporation, partnership, or association shall sell, supply, or have in his or its possession any intoxicating or spirituous liquors at any military station, cantonment, camp, fort, post, officers' or enlisted men's club, which is being used at the time for military purposes under this act, but the Secretary of War may make regulations permitting the sale and use of intoxicating liquors for medicinal purposes."

By the same act, the President, as commander-in-chief of the army, is authorized to make regulations governing "the prohibition of alcoholic liquors in or near military camps."

The regulations established by the President and Secretary of War, which the defendant is charged with violating, among other things provides that—

"Around every military camp at which officers and enlisted men, not less than two hundred and fifty in number, have been or shall be stationed for

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

more than thirty consecutive days, there shall be for the purposes set forth in this regulation a zone five miles wide, except that within the existing limits of an incorporated city or town, within which the sale of alcoholic liquor shall not be forbidden by the state or local law, the zone shall not include any territory more than one-half mile from the nearest boundary of such camp. Alcoholic liquor, including beer, ale, and wine, either alone or with any other article, shall not, directly or indirectly, be sold, bartered, given, served or knowingly delivered by any person to another, within any such zone, or sent, shipped, transmitted, carried or transported to any place within any such zone: Provided, that this regulation shall not apply to the giving or serving of such liquor in a private home to members of the family or bona fide guests, other than members of the military forces, or to the sending, shipping, transmitting, carrying or transporting of such liquor to a private home for use as aforesaid."

The information charged defendant with unlawfully and knowingly shipping, carrying, and transporting certain intoxicating and spirituous liquors into a zone five miles wide from the nearest boundary of Camp Meigs, a military camp in the District of Columbia. The information was demurred to, on the ground that it failed to state, in law, a crime. The demurrer was overruled, a jury was waived, and the case was tried before the judge of the police court. It appeared from the evidence that the defendant, a resident of the District of Columbia, on the day in question went to Baltimore and returned on the train designated as the "Bootleg Special," which stopped at the yards of the Washington, Baltimore & Annapolis Electric Railway Company at Fifteenth and H Streets, Northeast. When defendant alighted from the train, he was arrested by a police officer, without search warrant or other authority, and his suitcase was found to contain eight quarts of whisky, two bottles of gin, one bottle of brandy, and one bottle of rum.

It was stipulated that the White House station, at which defendant was arrested, was within five miles of Camp Meigs, a camp coming within the provisions of the proclamation. The testimony adduced by the government in support of the judgment of conviction was, in substance, as above related; the government relying for conviction upon the fact that the quantity of liquor described was found in the possession of the defendant within the five-mile limit. The defendant was called upon to account for the possession of the liquor aforesaid. He testified that he was bringing it in for his own use in his home; that he purchased this quantity of whisky while in Baltimore because he believed that the price was going to advance; that the brandy and rum were for the use of his wife in cooking, and that the gin was for use medicinally by an aged relative, who from time to time stopped at his house. In all of this he was corroborated by the testimony of his wife. The government offered no testimony in contradiction of it. The mere possession of the quantity of liquors described does not even raise an inference that their use was to be other than as claimed by defendant. The uncontradicted evidence, therefore, clearly brings the defendant within the proviso to the president's proclamation.

The judgment of the court below is reversed, and the cause is remanded for a new trial.

Reversed and remanded.